MORGAN, LEWIS & BOCKIUS LLP
(A Pennsylvania Limited Liability Partnership)
1701 Market Street
Philadelphia, PA 19103
215.963.5077/5818
Jeremy P. Blumenfeld (NJ ID No. 8625)
Attorneys for Defendant American Airlines

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| RICHARD A. and PATRICIA MARSELLA, Individually and as p/g/n of RICHARD J. MARSELLA,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, UNITED HEALTHCARE SERVICES, INC., UNITED HEALTH GROUP, INC, and JOHN DOES 1-10<br>Defendant. | Civil Action No. 10-cv-1454<br><br>**MEMORANDUM OF LAW IN SUPPORT OF AMERICAN AIRLINES' MOTION TO DISMISS COUNTS I, III, IV AND V OF PLAINTIFFS' COMPLAINT AND TO STRIKE PLAINTIFFS' JURY DEMAND**<br><br>**Document Electronically Filed** |

I.      **INTRODUCTION**

In their five-Count Complaint, Plaintiffs Richard and Patricia Marsella ("Plaintiffs" or

"Marsellas") allege claims of bad faith under the New Jersey Insurance Trade Practices Act,

N.J.S.A. § 17:29B-1 *et seq.* (Count I), negligence (Count IV), and breach of contract (Count V),

as well as a claim for benefits under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)

(Count II) and breach of fiduciary duty under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3)

(Count III) for failing to pay health benefits allegedly due to their son under the terms of the

American Airline Airlines' Group Life and Health Plan for Employees of Participating AMR

Corporation Subsidiaries ("the Plan").  Plaintiffs' state law claims for breach of contract,

negligence and bad faith (Counts I, IV and V), fail as a matter of law because they are preempted

by ERISA.  *See* 29 U.S.C. § 1144.  Moreover, Plaintiffs' claim for breach of fiduciary duty fails

because it is duplicative of Plaintiffs' claim for benefits, and because Plaintiffs seek benefits

and/or damages, rather than any type of "appropriate equitable relief" cognizable under ERISA

Section 502(a)(3).  Finally, both Plaintiffs' jury demand and Plaintiffs' prayer for punitive

damages should be stricken because there is no right to a jury trial or punitive damages under

ERISA.

Accordingly, American Airlines respectfully requests that Counts I, III, IV and V of

Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs' demand for a jury and

prayer for punitive damages be stricken.

## II.      STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if

the complaint fails to state a claim upon which relief can be granted.  A "plaintiff's obligation to

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of a cause of action's elements will not do."  *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 545, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

The Third Circuit has interpreted the Supreme Court's "emphasis on 'plausibility' to mean that

the complaint's [f]actual allegations must be enough to raise a right to relief above the

speculative level."  *Umland v. PLANCO Fin. Servs., Inc*, 542 F.3d 59, 64 (3d Cir. 2008) (internal

quotations and citations omitted).  Furthermore, in conducting this analysis, this Court is not

required to accept as true "unsupported conclusions and unwarranted inferences" or "legal

conclusion[s] couched as factual allegation[s]."  *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d

Cir. 2007) (internal quotation marks omitted).  A claim that is preempted by ERISA, or seeks

relief not available under the applicable ERISA section, fails to state a claim for which relief can be granted and is subject to dismissal. *See, e.g.*, *Stanley v. I.B.E.W.*, 207 F. App'x 185, 188, 189-90 (3d Cir. 2006); *Fritzky v. Aetna Health, Inc.*, No. 08-5673, 2010 U.S. Dist. LEXIS 27730, at *7-9, *11-14 (D.N.J. Mar. 24, 2010).

## III.   ARGUMENT

### A.   Plaintiffs' State Law Claims For Bad Faith (Count I), Negligence (Count IV) And Breach Of Contract (Count V), Are Preempted By ERISA.

Plaintiffs admit that the Plan is a group health plan governed by ERISA and allege that Defendants, individually and collectively, are "fiduciaries of group health plans under ERISA." *See* Complaint ¶¶ 42-43, 45-47.  Nevertheless, Plaintiffs' Complaint further alleges state law claims for breach of contract, negligence and "bad faith" on the basis that American Airlines improperly denied Plaintiffs' claim for health benefits.  *See* Complaint ¶¶ 40-41, 50-53.  It is beyond well-settled that these additional state law claims are preempted by ERISA.

ERISA contains a sweeping preemption provision that displaces any and all state law claims that "relate to" an employee benefit plan. *See, e.g., Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004) (ERISA's civil enforcement provisions have "such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim") (internal citation omitted).  So broad is the preemptive scope of ERISA that even the venerable "well-pleaded complaint" rule is rendered inapplicable. *Id.* at 207-09.  Specifically, Section 514(a) of ERISA, 29 U.S.C. § 1144(a), provides in relevant part that "the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." 29 U.S.C. § 1144(a).  The Supreme Court has explained that:

> The pre-emption clause [of ERISA] is conspicuous for its breadth.  Its deliberately expansive language was designed to establish pension plan regulation as exclusively a federal concern.  The key to § 514(a) is found in the words "relate to."  Congress used those words in their broad sense, rejecting more limited pre-emption language that would have made the clause applicable only to state laws relating to the specific subjects covered by ERISA.  Moreover, to underscore its intent that § 514(a) be expansively applied, Congress used equally broad language in defining the "State law" that would be pre-empted.  Such laws include "all laws, decisions, rules, regulations, or other State action having the effect of law."  § 514(c)(1), 29 U.S.C. § 1144(c)(1).
>
> A law "relates to" an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan.  Under this broad common-sense meaning, a state law may "relate to" a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect.  Pre-emption is also not precluded simply because a state law is consistent with ERISA's substantive requirements.

*Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138-39 (1990) (internal quotations and citations omitted); *see also Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983) (a state law "relates to" an employee benefit plan and is preempted if it has a connection with or reference to such a plan).

Here, there can be no doubt that Count I (Bad Faith), Count IV (Negligence) and Count V (Breach of Contract) are derivative of, and therefore "relate to" the Plan, which Plaintiffs concede is an ERISA plan.  *See* Complaint ¶¶ 42-49.  All three Counts are entirely premised on the denial of certain benefits to Plaintiffs' son under this Plan.  Complaint ¶¶ 41, 50-53, Prayer for Relief.  Thus, ERISA preempts Plaintiffs' state law claims and they should be dismissed. *See, e.g., Pane v. RCA Corp.,* 868 F.2d 631, 635 (3d Cir. 1989) (affirming dismissal of breach of contract and bad-faith practices claims preempted by ERISA); *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 278 (3d Cir. 2001) (noting that "suits against HMOs and insurance companies for denial of benefits, even when the claim is couched in terms of common law negligence or breach of contract, have been held to be preempted by § 514(a)."); *Zahl v. CIGNA*

*Corp.*, No. 09-1527, 2010 U.S. Dist. LEXIS 32268, at \*7-8 (D.N.J. Mar. 31, 2010) (dismissing

breach of contract, misrepresentation and unjust enrichment claims relating to health insurance

plan as preempted by ERISA); *Fritzky*, 2010 U.S. Dist. LEXIS 27730, at \*3, \*8-9 (holding that

breach of contract, and other state law claims sounding in negligence and tort based on denial of

health insurance benefits were preempted by ERISA); *Grant-Bergen v. Metro. Life Ins. Co.*, No.

08-4829, 2009 U.S. Dist. LEXIS 93630, at \*19 (D.N.J. Oct. 5, 2009) (claims for fraud and

breach of contract aimed at recovering benefits were preempted by ERISA). [1]

> **B.      Plaintiffs' Claim For Breach Of Fiduciary Duty (Count III) Fails Because It Is Duplicative Of The Claim for Benefits And Seeks Non-Equitable Relief.**

Plaintiffs' breach of fiduciary duty claim in Count III fails because it is:  (a) duplicative

of Plaintiffs' claim for benefits; and (b) seeks non-equitable relief.   It is well-settled that the only

provision of ERISA upon which Plaintiffs' breach of fiduciary duty claim may rest is ERISA

Section 502(a)(3), 29 U.S.C. § 1132(a)(3).  *See, e.g., Smith v. Contini*, 205 F.3d 597, 605-606

(3d Cir. 2000) (noting that Section 502(a)(3) governs breach of fiduciary duty claims and Section

502(a)(1)(B) governs claims for benefits).  ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), in

turn, allows a participant "to obtain other appropriate equitable relief."  But importantly, no

cause of action exists for breach of fiduciary duty under Section 502(a)(3) if the claim is merely

a disguised attempt to secure plan benefits.  *See, e.g., Varity Corp. v. Howe*, 516 U.S. 489, 515

(1996) (noting that further equitable relief is normally not "appropriate" where Congress

provided adequate relief elsewhere, such as in a claim for benefits under Section 502(a)(1)(B));

---

[1]    Moreover, Plaintiffs' statutory bad faith claim under the New Jersey Insurance Trade Practices Act, N.J. Stat. Ann. § 17:29B-1 *et seq.*  ("ITPA") also fails because the ITPA does not provide for a private right of action.  *See, e.g., Heumann v. Selective Ins. Co. of Am.*, No. 05-493, 2006 U.S. Dist. LEXIS 58488, at \*14-15 (D.N.J. Aug. 18, 2006) (dismissing ITPA claim on the basis that the statute does not provide for a private right of action, and actions to enforce the statute may only be brought by the Commissioner of Banking); *Klimowicz v. Unum Life Ins. Co.,* No. 04-2990, 2007 U.S. Dist. LEXIS 73162, at \*10, n.3 (D.N.J. Sept. 28, 2007) (holding that the ITPA does not provide a private cause of action), *aff'd*, 296 F. App'x 248 (3d Cir. 2008).

*Harrow v. Prudential Ins. Co. of Am.,* 279 F.3d 244, 254-55 (3d Cir. 2002) (affirming dismissal of breach of fiduciary duty claims for failure to exhaust where such claims were merely recasting of claim for benefits); *Zahl*, 2010 U.S. Dist. LEXIS 32268, at *11-12 (dismissing the Section 502(a)(3) breach of fiduciary duty claim pursuant to Rule 12(b)(6) where it was duplicative of the Section 502(a)(1)(B) claim for benefits).

Moreover, a Section 502(a)(3) claim is properly dismissed if the relief sought was not "traditionally available in equity" – as is invariably the case when the plaintiff seeks to compel the defendant to pay a sum of money due under an ERISA plan or contract.  *See, e.g., Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210-11 (2002) (affirming summary judgment on behalf of defendants for ERISA Section 503(a)(3) claim because "[a]lmost invariably . . . suits seeking (whether by judgment, injunction or declaration) to compel the defendant to pay a sum of money to the plaintiff" are seeking legal relief not equitable); *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993) (same).  Indeed, the Third Circuit has looked with particular disfavor on claims that attempt to disguise a legal claim for plan benefits as an equitable claim for breach of fiduciary duty.  In *Eichorn v. AT&T Corp.*, 484 F.3d 644 (3d Cir. 2007), for example, the plaintiffs sought an injunction "requiring [the defendant] to adjust its pension records," which would have "create[d] an obligation to pay the plaintiffs more money, both in the past and going forward."  *Id.* at 655.  This Court held that such a remedy – even though phrased an "equitable injunction" – was not equitable relief available under ERISA Section 502(a)(3):

> The District Court rightly saw this as being, in essence, a request for compensatory damages merely framed as an "equitable" injunction.  The Court thus rightly concluded that the requested relief is not available under §502(a)(3).

*Eichorn*, 484 F.3d at 655; see also *Zahl*, 2010 U.S. Dist. LEXIS 32268, at *8-12 (dismissing

ERISA breach of fiduciary duty claims that sought health insurance benefits, since this was not

the sort of equitable relief available under Section 502(a)(3)); *Hartman v. Wilkes-Barre Gen'l*

*Hosp.*, 237 F. Supp. 2d 552, 557 (M.D. Pa. 2002) (dismissing plaintiff's claim under ERISA

Section 502(a)(3) because "the essence of plaintiff's claim" for breach of fiduciary duties was

one for payment of benefits allegedly due to her).

Here, Plaintiffs' breach of fiduciary duty claim in Count III states that Defendants

breached their fiduciary duty by "setting limitations on payments" to them and "denying and/or

reducing coverage for treatment of Plaintiffs' son's in-home skilled nursing care" -- in other

words, withholding payment.  Complaint, ¶ 48.  Moreover, Plaintiffs seek as a remedy

compensatory damages, statutory damages, treble damages, punitive damages, and like the

plaintiff in *Eichorn*, "an injunction requiring payment of Plaintiffs' future and past claims,"

along with attorneys' fees, costs and interest.  Complaint, Prayer for Relief.   Although the

Plaintiffs phrase part of their request as an injunction, the Supreme Court recognized in *Great-*

*West* and elsewhere that an injunction compelling payment of money due under a contract is <u>not</u>

a form of true equitable relief cognizable under Section 502(a)(3).  *Great-West*, 534 U.S. at 210,

221; *see also Eichorn*, 484 F.3d at 655 (affirming dismissal of breach of fiduciary duty claim

because "injunction" to pay benefits was not equitable relief).  Because the relief sought is not

equitable in nature, and because Plaintiffs' allegations constitute a claim for benefits that must be

brought solely pursuant to ERISA § 502(a)(1)(B), they cannot maintain a claim for breach of

fiduciary duty under ERISA § 502(a)(3).  Accordingly, Count III of Plaintiffs' Complaint should

be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**C.      Plaintiffs' Request For A Jury Trial Should Be Stricken Because There Is No Right To A Jury Trial Under ERISA.**

In *Pane*, 868 F.2d at 636-37, the Third Circuit held in no uncertain terms that individual

plan participants and beneficiaries have no right to a jury trial under ERISA.  Specifically, the

Court held:

> Those causes of action authorized by section 502(a)(1)(B) are not explicitly denominated as equitable.  In *Turner v. CF&I Steel Corp.*, 770 F.2d 43, 48 (3d Cir. 1985), however, we held that section 502(a)(1)(B) cause of action for the recovery of benefits was equitable in nature.  In so holding, we joined other courts of appeals which had previously rejected the claim that in a suit for recovery of benefits under an ERISA employee benefit plan a litigant was entitled to a jury trial.
>
> *   *   *
>
> We conclude, therefore, that the trial court did not err in striking Pane's demand for a jury trial on his section 502(a) ERISA claims.

*Id.* (internal citations omitted).  *See also Cox v. Keystone Carbon Co.*, 894 F.2d 647, 650 (3d Cir.

1990) ("Thus, to the extent that [plaintiff]'s claim is, as construed by the district court, one for

benefits under the plan, we agree with the district court that *Pane* governs, and that [plaintiff]

was not entitled to a jury trial.").

Accordingly, Plaintiffs' request for a jury trial should be stricken.

**D.      Plaintiffs' Prayer For Punitive Damages Should Be Stricken Because Such Damages Are Not Available Under ERISA.**

In their Complaint, Plaintiffs seek punitive damages.  Punitive damages, however, are not

an available remedy under the applicable section of ERISA.  *Pane*, 868 F.2d at 635 n. 2.

("Punitive damages are not available under [plaintiff]'s federal claim [for severance benefits

under ERISA].  It has been consistently held that section 502(a) of ERISA, 29 U.S.C. § 1132(a)

does not authorize such relief.") (citations omitted); *Boyadjian v. Cigna Cos.*, 973 F. Supp. 500,

508 (D.N.J. 1997) (finding "[i]t has been consistently held that 29 U.S.C. § 1132(a) does not

authorize" punitive damages).  The Supreme Court has held that ERISA does not authorize

compensatory or punitive damages because:

> The six carefully integrated civil enforcement provisions found in
> § 502(a) of the statute as finally enacted, however, provide strong
> evidence that Congress did *not* intend to authorize other remedies
> that it simply forgot to incorporate expressly.  The assumption of
> inadvertent omission is rendered especially suspect upon close
> consideration of ERISA's interlocking, interrelated, and
> interdependent remedial scheme, which is in turn part of a
> 'comprehensive and reticulated statute.'

*Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985) (emphasis in

original) (citation omitted).  In accordance with *Pane* and *Russell*, Plaintiffs' request for punitive

damages should be stricken.

## IV.     CONCLUSION

For the reasons set forth above, Defendant American Airlines, Inc. respectfully requests

that the Court dismiss Counts I, III, IV and V of Plaintiffs' Complaint and strike Plaintiffs'

demand for a jury and prayer for punitive damages.

Respectfully submitted,

/s/ Jeremy P. Blumenfeld
Jeremy P. Blumenfeld (NJ ID No. 8625)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
Dated: June 11, 2010                                   215.963.5258

Attorneys for American Airlines, Inc.

9

## CERTIFICATE OF SERVICE

I, Jeremy P. Blumenfeld, hereby certify that a true and correct copy of Defendant's

Motion to Dismiss Counts I, III, IV and V of Plaintiffs' Complaint and to Strike Plaintiffs' Jury

Demand and Prayer for Punitive Damages and supporting memorandum of law, was served this

11th day of June, 2010 by ECF and U.S. Mail, postage prepaid on the following:

Matthew B. Weisberg
Weisberg Law, P.C.
7 South Morton Avenue
Morton, PA  19070


/s/Jeremy P. Blumenfeld
Jeremy P. Blumenfeld