**STRADLEY RONON STEVENS & YOUNG, LLP**
A Pennsylvania Limited Liability Partnership
By: Samuel J. Arena, Jr.
    Francis X. Manning
    Marianne Johnston
Woodland Falls Corporate Park
200 Lake Drive East, Suite 100
Cherry Hill, NJ  08002
(856) 321-2400
(856) 321-2415 (fax)
*Attorneys for Defendants*
*United HealthCare Services, Inc. and*
*United Health Group Incorporated*

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### NEWARK VICINAGE

| | |
|---|---|
| Richard A. and Patricia Marsella Individually and as p/g/n of Richard J. Marsella, | :     Civil Action No.: <br> :     10-cv-1454-SDW-MCA <br> : |
|       Plaintiffs, | : |
|   v. | : <br> : |
| American Airlines, United HealthCare Services, Inc., UnitedHealth Group, Inc. and John Does 1-10 | :   **BRIEF IN SUPPORT OF** <br> :   **MOTION TO DISMISS** <br> :   **PLAINTIFFS' COMPLAINT** <br> : <br> :   **RETURN DATE: AUGUST 16, 2010** <br> : <br> :   **ELECTRONICALLY FILED** |
|         Defendants. | : |

# TABLE OF CONTENTS

Page

Table of Authorities ................................................................................ii

I.      INTRODUCTION .......................................................................1

II.     FACTS ........................................................................................2

    A.      The Plan............................................................................2
    B.      The Challenged Benefits Determination............................3

III.    LEGAL ARGUMENT ................................................................4

    A.      Standard of Review............................................................4
    B.      The Court Should Dismiss All Claims against the United
        Defendants.........................................................................5

        1.      Neither United Services nor UHG had any role with the
              Plan.........................................................................6
        2.      ERISA preempts all state law claims............................6
        3.      The Plan is the only proper defendant. ........................7

IV.     CONCLUSION ........................................................................11

i

## Table of Authorities

### CASES

*Galinsky v. Bank of America Corp.,*
  2009 WL 1173437 (D.N.J. April 29, 2009) (Wigenton, J.) ............................ 8-9

*Gelardi v. Pertec Computer Corp.,*
  761 F.2d 1323 (9th Cir. 1985) ................................................................8

*Gillespie v. Janey,*
  2010 WL 777954 (D.N.J. March 5, 2010)(Wigenton, J.) .................................10

*Groves v. Modified Retirement Plan for Hourly Paid Employees of the John
  Mansville Corp. and Subsidiaries,*
  803 F.2d 109 (3d Cir. 1986) ............................................................... 9-10

*Guiles v. Metro. Life Ins. Co.,*
  2002 WL 229696 (E.D.Pa. Feb. 13, 2002)................................................. 8-9

*Hall v. Glenn O. Hawbaker, Inc.,*
  2006 WL 3250869 (M.D. Pa. Nov. 8, 2006).................................................8

*Harris Trust and Sav. Bank v. Salomon Smith Barney, Inc.,*
  530 U.S. 238 (1985).............................................................................9

*In re. Burlington Coat Factory Sec. Litig.,*
  114 F.3d 1410 (3d Cir. 1997) ................................................................5

*Lum v. Bank of Am.*,
  361 F.3d 217 (3d Cir.), *cert. denied sub. nom, Hing Quan Lum v. Bank of
  America,* 543 U.S. 918 (2004) ................................................................5

### STATUTES

New Jersey Insurance Trade Practices Act, N.J.S.A. § 17:29B-1 *et seq.*..................1

29 U.S.C. § 1132...................................................................1, 7, 8, 9, 10

### RULES

Federal Rule of Civil Procedure 12(b)(6)............................................... 4-5

## I.    <u>INTRODUCTION</u>

Plaintiffs Richard and Patricia Marsella ("Marsellas") have sued Ms. Marsella's employer, American Airlines, Inc. ("American Airlines"), United HealthCare Services, Inc. ("United HealthCare Services"), and UnitedHealth Group Incorporated (improperly named as "United Health Group, Inc.") ("UHG") (collectively, the "United Defendants") for declaratory relief and damages for failing to pay health benefits allegedly due their son under the terms of the American Airlines' Group Life and Health Benefits Plan for Employees of Participating AMR Corporation Subsidiaries (the "Plan").  Plaintiffs' Complaint alleges claims of bad faith under the New Jersey Insurance Trade Practices Act, N.J.S.A. § 17:29B-1 *et seq.* (Count I); a claim for benefits under ERISA, section 502(a)(1)(B), 29 U.S.C. § 1132 (a)(1)(B) (Count II); breach of fiduciary duty under ERISA, section 502(a)(3), 29 U.S.C. § 1132(a)(3) (Count III); negligence (Count IV); and breach of contract (Count V).

The United Defendants now move to dismiss all of the claims against them.[1]  This motion should be granted for the following reasons:  <u>First</u>, neither of

---

[1]    The only UnitedHealth Group affiliated entities identified in the caption of the Complaint are United HealthCare Services and UHG.  In section III of the Complaint, entitled "Parties," Plaintiffs identify only UHG and United Healthcare, Inc. ("UHC") as defendants.  (Compl. ¶9).  If the Court were to overlook Plaintiffs' failure to name UHC in the caption and consider UHC a named defendant in this action, UHC joins in this motion.

the United Defendants had any role with the Plan.  Second, as demonstrated in the

motion to dismiss filed by American Airlines, ERISA preempts all of the state law

claims.  Third, the Plan is the only proper party as the benefits offered to the Plan's

participants and their beneficiaries are self-insured. To the extent that the Court

were to direct benefits be paid to Plaintiffs, only the Plan has that obligation.

## II.   FACTS

### A.   The Plan

American Airlines is the Plan Sponsor and Administrator of the Plan.

(See American Airlines Employee Benefits Guide for Flight Attendants ("Benefit

Guide") at 183-84).[2]  Ms. Marsella elected coverage under the Point of Service

("POS") Option for medical benefits under the Plan.  (See Compl. ¶26).  The POS

Option is self-funded by American Airlines: "[R]eimbursements for covered health

care expenses are paid from the general assets of [American Airlines], not by an

insurance company."  (Benefit Guide at 42).

UnitedHealthcare Insurance Company ("UHIC"), through the  Point-

Of-Service Administrative Services Agreement between American Airlines and

United HealthCare Insurance Company ("POS ASA"),[3] served as the claims

administrators for the POS Option.  (Benefit Guide at 6).  UHIC made the initial

_____

[2]   Relevant pages of the Benefit Guide are attached to the Declaration of Dale
Ibitz (" Ibitz Decl.") as Ex. "A".

[3]   Relevant pages of the POS ASA are attached to the Ibitz Decl. as Ex. "B".

denial of the claims at issue in this case.  Plaintiffs have not named UHIC as a
defendant.

The Plan has a two-tiered appeal process for denied claims. (*Id.* at
193).  UHIC conducts the First Level Appeal.  (*Id.*)  American Airlines delegated
the responsibility for the Second Level Appeal to the Pension Benefits
Administration Committee at American Airlines  ("PBAC").  (*Id.* at 184-85, 193).
The PBAC "has the sole authority to interpret, construe, [and] determine claims"
under the Plan.  (*Id.* at 185).  Among the powers delegated to the PBAC is the
power "[t]o interpret and construe the terms of the Plans, their *(sic)* interpretation
thereof in good faith to be final and conclusive upon all persons claiming benefits
under the [Plan]."  (*Id.*).

**B.**     **The Challenged Benefits Determination.**

According to the Complaint, Richard Marsella Jr. was a beneficiary of
the Plan.  He suffers from a number of medical conditions, including cerebral
palsy.  Plaintiffs allege that his condition requires constant supervision and skilled
nursing care.  (Compl. ¶¶14-17).

Before selecting coverage under the Plan, Plaintiffs allege that they
had health insurance with Aetna and that the Aetna coverage was discontinued on
or about November 30, 2008.  Earlier that month, Plaintiffs allege that they learned

from Bayada Nurses, which provided in-home nursing care for Richard Jr., that the Plan would not cover his in-home nursing care. (Compl. ¶ ¶19-20, 22).

In November 2008, Plaintiffs, through Bayada, requested authorization from Defendants for coverage under the Plan for in-home skilled nursing care for Richard Jr. for 12.5 hours per day, seven days per week.  Plaintiffs allege that UHC denied the claim, and Plaintiffs filed a first level appeal on December 9, 2008.  Plaintiffs further allege that UHC denied the first level appeal by letter dated December 19, 2008 on the grounds that the care for which coverage was sought was custodial, not skilled nursing, care, and that the Plan did not provide benefits for custodial care. (Compl. ¶¶ 26, 28, 30).

Plaintiffs then filed a second level appeal with American Airlines. American Airlines denied the appeal and provided a written explanation of the basis for its denial on August 24, 2009. (Compl. ¶36 and Ex. D thereto*).

## III.    LEGAL ARGUMENT

### A.    Standard of Review.

The United Defendants incorporate by reference American Airlines' discussion of the applicable standard of review in its Memorandum of Law in Support of its Motion to Dismiss (Docket, Doc. No. 11, pp. 2-3).  Additionally, when deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a document *integral to or explicitly relied* upon in the complaint

4

may be considered without converting the motion to dismiss into one for summary

judgment." *In re. Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d

Cir. 1997) (internal citation omitted).  *See also Lum v. Bank of Am.*, 361 F.3d 217,

222 n.3 (3d Cir.), *cert. denied sub. nom, Hing Quan Lum v. Bank of America*, 543

U.S. 918 (2004) (explaining consideration of documents relied upon by plaintiff,

but not attached to complaint, is not unfair because plaintiff is on notice that such

document will be considered).

Here, Plaintiffs have alleged that they "were insured under a medical

benefit program issued by Defendants United Healthcare Services, Inc. and

UnitedHealth Group, Inc. for flight attendants employed by Defendant, American

Airlines, Inc." (Compl. ¶ 12).  In addition, Plaintiffs explicitly rely upon the Plan

documents in their claim for medical benefits thereunder.  (*Id.*. ¶¶ 42-44).

Accordingly, this Court may consider the Plan documents without converting this

motion into one for summary judgment.

**B.     The Court Should Dismiss All Claims against the United Defendants.**

The Court should grant this motion to dismiss for three reasons: (1)

neither United HealthCare Services nor UHG had any role with the Plan or the

benefits determination at issue; (2) ERISA preempts all state law claims; and (3)

Plaintiffs cannot state an ERISA claim against any United entity because only the

Plan is the proper party.

### 1.   <u>Neither United Services nor UHG had any role with the Plan.</u>

Plaintiffs allege that United HealthCare Services and UHG "issued" the Plan and, through them, American Airlines provided medical benefits. (Complaint ¶¶12, 18). As the Plan documents demonstrate, however, the only United entity that had any role with the Plan is UHIC, as claims administrator. (POS ASA, Ex. "B" to Ibitz Decl. at 4).  Accordingly, the Court should dismiss all claims against United HealthCare Services and UHG.[4]

### 2.   <u>ERISA preempts all state law claims.</u>

Even if the Court were to permit Plaintiffs to maintain their claims against United HealthCare Services and UHG, or permit them to substitute UHIC for United HealthCare Services and UHG, it should dismiss all state law claims. On June 11, 2010, American Airlines filed a motion to dismiss Plaintiffs' state law claims (Counts I, IV, and V) on the grounds of ERISA preemption and the breach of fiduciary duty claim (Count III) because it is duplicative of Plaintiffs' claim for benefits and because Plaintiffs seek benefits and/or damages that are not cognizable under ERISA, section 502(a)(3).  The United Defendants adopt by

---

[4]   If the Court were to consider UHC as a named defendant, despite Plaintiffs' failure to identify it in the caption to the Complaint, UHC should be dismissed for the same reasons.

reference the arguments set forth by American Airlines in support of its motion to dismiss Counts I, III, IV and V.  (*See* Docket, Document No. 11 at 3-7).[5]

### 3.    <u>The Plan is the only proper defendant.</u>

Although Plaintiffs have alleged a claim for benefits under ERISA in Count II, they cannot maintain that claim against any entity other than the Plan. Plaintiffs' claim for ERISA benefits is governed by section 502(a)(1)(B).  This section permits a beneficiary or participant of an ERISA-regulated plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  Under section 502(d)(2), "[a]ny money judgment under this subchapter against an employee benefit plan shall be enforceable **only against the plan** as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter."  29 U.S.C. § 1132(d)(2)(2006) (emphasis added).

Here, the Plan is self-funded, and the Plan alone has the obligation to pay benefits. *See* POS ASA at 12, ¶ 4 ("The liability for Plan benefits paid under the Plan is always the obligation of the Plan"); Benefit Guide at 42

---

[5]    United also incorporates by reference the argument of American Airlines in support of its request to strike Plaintiffs' jury demand and request for  punitive damages.  (Docket, Doc. No. 11, pp. 8-9).

("[R]eimbursements for covered health care expenses are paid from the general assets of [American Airlines], not by an insurance company."). Absent liability to pay for benefits, neither of the United Defendants (nor UHC or UHIC for that matter) can be a proper party defendant in a claim for ERISA benefits. *Guiles v. Metro. Life Ins. Co.,* 2002 WL 229696 at \*1 (E.D.Pa. Feb. 13, 2002) (court dismissed section 502(a)(1)(B) claim against plan administrator because only the plan was liable to pay benefits: "The language of [sections 502(a)(1)(B) and 502(d)(2)] read together, clearly and unambiguously provides that the plan is the only entity against whom claims for benefits under the plan may be brought.") *See also Gelardi v. Pertec Computer Corp.,* 761 F.2d 1323, 1324-25 (9th Cir. 1985) (holding plan itself is only proper defendant to action brought under section 502(a)(1)(B)); *Hall v. Glenn O. Hawbaker, Inc.,* 2006 WL 3250869, at \*9 (M.D. Pa. Nov. 8, 2006) (granting motion to dismiss claims under section 502(a)(1)(B) because "the Plan is the only appropriate defendant to these claims.").

While the *Guiles* court noted a split of authority as to whether an entity other than the ERISA plan is a proper defendant in a claim under section 502(a)(1)(B), and this issue has not been resolved by the Third Circuit, the *Guiles* approach recently was followed by this Court in *Galinsky v. Bank of America Corp.,* 2009 WL 1173437, \*2 (D.N.J. April 29, 2009) (Wigenton, J.). In *Galinsky,*

8

the Court dismissed a claim for benefits under section 502(a)(1)(B) against an employer, holding that only the ERISA plan was the proper defendant.

The *Galinsky* and *Guiles* decisions, like the other decisions that have found that the ERISA plan is the only appropriate party to file suit against for the payment of ERISA benefits, are sound and consistent with the Supreme Court's teachings as set forth in *Harris Trust and Sav. Bank v. Salomon Smith Barney, Inc.,* 530 U.S. 238 (1985).  In *Harris*, the Supreme Court reminded  courts that: "ERISA's comprehensive and reticulated scheme warrants a cautious approach to inferring remedies not expressly authorized by the text." *Id.*  at 247.  In *Harris,* the Supreme Court concluded that a fiduciary could bring a civil action against a non-fiduciary party for engaging in transactions prohibited by ERISA because of duties imposed by section 502(a)(3). *Id.* at 247.

As the *Harris* decision teaches,  liability for the recovery of benefits under section 502(a)(1)(B) must be limited to parties specifically contemplated in ERISA's "comprehensive and reticulated scheme."  A close examination of ERISA, specifically, sections 501(a)(1)(B) and 501(d)(2), reveals that only the ERISA plan is the proper party when a plaintiff sues for benefits under the plan. As the Supreme Court stated, "[i]n ERISA cases, the Court's analysis begins with the statutory language and, where that language is clear, it ends there as well." *Id.* at 254. *See also  Groves v. Modified Retirement Plan for Hourly Paid Employees*

*of the John Mansville Corp. and Subsidiaries,* 803 F.2d 109, 116 (3d Cir. 1986)

(holding that ERISA provisions providing for recovery against the "plan" cannot

be used to recover against the "plan administrator" because "the terms 'plan' and

'plan administrator' refer to two entirely distinct actors . . . [and] are terms of art

under ERISA").

  In this case, no benefits can be recovered from the United Defendants

under ERISA, and no purpose would be served by requiring the United Defendants

to remain as defendants in this action.  Because only the Plan can be responsible

for the payment of Plaintiffs' claimed benefits, the Court should dismiss the

section 502(a)(1)(B) claim (Count II) as against the United Defendants. [6]

---

[6] Inasmuch as UHIC would not be a proper party defendant either, any argument
by Plaintiffs that the Court should give them leave to amend their Complaint to
name UHIC as a defendant must be rejected as futile. *Gillespie v. Janey,* 2010 WL
777954 (D.N.J. March 5, 2010)(Wigenton, J.)(denying motion to amend complaint
because proposed claims would not withstand motion to dismiss and thus would be
futile).

## IV.   **CONCLUSION**

For all the foregoing reasons and the reasons set forth in American Airlines' Memorandum of Law in Support of its Motion to Dismiss Counts I, III, IV and V of Plaintiffs' Complaint and to strike Plaintiffs' jury demand and prayer for punitive damages, Defendants United Healthcare Services, Inc. and UnitedHealth Group Incorporated respectfully request this Court to dismiss all of Plaintiffs' claims set forth in the Complaint.

Respectfully submitted,

**STRADLEY RONON STEVENS & YOUNG, LLP**

/s/  Marianne Johnston
Samuel J. Arena, Jr.
Francis X. Manning
Marianne Johnston
**STRADLEY RONON STEVENS & YOUNG, LLP**
Woodland Falls Corporate Park
200 Lake Drive East, Suite 100
Cherry Hill, NJ 08002
(856) 321-2400
(856) 321-2415 (fax)

***Attorneys for Defendants***
***United HealthCare Services, Inc.***
***and UnitedHealth Group Incorporated***

11