MORGAN, LEWIS & BOCKIUS LLP
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540
215.963.5077/5818
Jeremy P. Blumenfeld (NJ ID No. 8625)
Attorneys for Defendants American Airlines, Inc.,
American Airlines' Pension Benefits Administration
Committee and American Airlines' Group Life &
Health Benefits Plan for Employees of Participating
AMR Corporate Subsidiaries

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

| | |
|---|---|
| RICHARD A. and PATRICIA MARSELLA, Individually and as p/g/n of RICHARD J. MARSELLA,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES, UNITED HEALTHCARE INSURANCE CO, INC., PENSION BENEFITS ADMINISTRATION COMMITTEE AT AMERICAN AIRLINES, AMERICAN AIRLINES' GROUP LIFE & HEALTH BENEFITS PLAN FOR EMPLOYEES OF PARTICIPATING AMR CORP. SUBSIDIARIES, and JOHN DOES 1-10,<br><br>Defendants. | **Civil Action No. 10-cv-1454**<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS AMERICAN AIRLINES, INC., AMERICAN AIRLINES' PENSION BENEFITS ADMINISTRATION COMMITTEE AND AMERICAN AIRLINES' GROUP LIFE & HEALTH BENEFITS PLAN FOR EMPLOYEES OF PARTICIPATING AMR CORPORATE SUBSIDIARIES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>**Document Electronically Filed** |

Defendants American Airlines, Inc., American Airlines' Pension Benefits Administration

Committee ("PBAC") and American Airlines' Group Life & Health Benefits Plan for Employees

of Participating AMR Corporate Subsidiaries (the "Plan") (collectively "American Airlines"), by

and through their attorneys, hereby respond to the Amended Complaint of Plaintiffs Richard A.

Marsella and Patricia Marsella ("Plaintiffs") in accordance with the numbered paragraphs thereof

DB1/65668773

as follows:

1.      The allegations in paragraph 1 are legal conclusions to which no response is required.  To the extent a response is required, American Airlines denies the allegations in paragraph 1.

2.      The allegations in paragraph 2 are legal conclusions to which no response is required.  To the extent a response is required, American Airlines denies the allegations in paragraph 2.

3.      The allegations in paragraph 3 are legal conclusions to which no response is required.  To the extent a response is required, American Airlines denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 are legal conclusions to which no response is required.

5.      The allegations in paragraph 5 are legal conclusions to which no response is required.

6.      American Airlines admits that Plaintiffs are adult individuals, and that its last address of record for Plaintiff Patricia Marsella was at 292 Pitman Downer Road, Sewell, NJ 08080.

7.      American Airlines admits that Plaintiffs Richard A. Marsella and Patricia Marsella are the parents and guardians of Richard J. Marsella.  On information and belief, American Airlines admits that real party in interest Richard J. Marsella is incapable of bringing a claim on his own behalf.  The remaining allegations in paragraph 7 are legal conclusions to which no response is required.

8.      American Airlines admits that American Airlines, Inc. is incorporated in Delaware, and that it is the sponsor of the Group Life & Health Benefits Plan for Employees of Participating AMR Corporate Subsidiaries.  American Airlines further admits that certain benefits options under the Plan, such as the Standard Medical Option and Point-of-Service Option, are self funded by American Airlines, Inc. and paid from trust assets.  The remaining allegations in paragraph 8 are denied.

9.      The allegations in paragraph 9 relate solely to a co-defendant, and accordingly, no response on behalf of American Airlines is required.  To the extent a response is required, upon information and belief, American Airlines admits that United HealthCare Insurance Company has served as a claims administrator for the Plan, and conducted a first-level review of Plaintiffs' claims, after which it denied benefits.  The remaining allegations are also legal conclusions to which no response is required.

10.     American Airlines admits that the PBAC had the ultimate claims determination authority in this matter.  American Airlines further admits that the PBAC conducted a review of the second-level appeal in this matter and denied benefits.  The remaining allegations in paragraph 10 are legal conclusions to which no response is required.  Alternatively, to the extent the remaining allegations in paragraph 10 constitute factual assertions, they are denied.

11.     The allegations in paragraph 11 are legal conclusions to which no response is required.  Alternatively, to the extent the remaining allegations in paragraph 11 constitute factual assertions, they are denied.

12.     The allegations in paragraph 12 relate solely to Plaintiffs' putative joinder of one or more John Doe co-defendants, and accordingly, no response on behalf of American Airlines is required.

13.     The allegations in paragraph 13 constitute legal conclusion to which no response is required.  Alternatively, to the extent the allegations in paragraph 13 constitute factual assertions, they are denied.

14.     American Airlines admits that Patricia Marsella was covered by the American Airlines' Group Life and Health Plan for Employees of Participating AMR Corporation Subsidiaries, Point-of-Service Option, which was a plan available to flight attendants of American Airlines, during the period from on or about November 2008 through August 2009. American Airlines further admits that UHIC is a claims administrator for the Plan.

15.     American Airlines admits that Patricia Marsella was covered by the Plan during the period from November 2008 through August 2009.

16.     American Airlines admits that Richard Marsella, Jr. was a beneficiary under the Plan during the period from November 2008 through August 2009.

17.     American Airlines admits that the letter dated November 18, 2008 from Dr. Arthur Schultes, attached to the Complaint as Exhibit A, is contained in the administrative record, and that the letter speaks for itself.  American Airlines denies any remaining allegations in paragraph 17.

18.     American Airlines admits that the letter dated November 18, 2008 from Dr. Arthur Schultes, attached to the Complaint as Exhibit A, is contained in the administrative record, and that the letter speaks for itself.  American Airlines denies any remaining allegations in paragraph 18.

19.     American Airlines admits that the letter dated November 18, 2008 from Dr. Arthur Schultes, attached to the Complaint as Exhibit A, is contained in the administrative record, and that the letter speaks for itself.  By way of further answer, American Airlines states

that the Plan Administrator determined that Richard Marsella Jr. is not entitled to the benefits sought in accordance with the terms of the Plan. American Airlines denies any remaining allegations in paragraph 19.

20.     American Airlines admits that prior to on or about December 1, 2008, it did not provide primary health insurance coverage to Plaintiffs' son. After reasonable investigation, American Airlines is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20, and on that basis, these allegations are denied.

21.     After reasonable investigation, American Airlines is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and on that basis, these allegations are denied.

22.     American Airlines admits that in or around November or December 2008, Plaintiffs submitted a claim requesting that their son be provided with skilled nursing care under the Plan.

23.     After reasonable investigation, American Airlines is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and on that basis, these allegations are denied.

24.     American Airlines admits that Plaintiffs filed a claim in or about November or December 2008 seeking certain benefits under the Plan. American Airlines denies the remaining allegations in paragraph 24.

25.     American Airlines admits that on or about December 9, 2008, Plaintiffs were advised by United Healthcare that their son's in-home care was not covered under the Plan. Any remaining allegations in paragraph 25 are denied.

26.      American Airlines admits that the PBAC denied Plaintiff Patricia Marsella's second-level appeal, and that it provided a written explanation of the basis for its denial on or about August 24, 2009.  After reasonable investigation, American Airlines is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding any bill Plaintiffs may have received from Bayada and on that basis this allegation is denied.  Any remaining allegations in paragraph 26 are denied.

27.      After reasonable investigation, American Airlines is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and on that basis, these allegations are denied.

28.      The allegations of paragraph 28 purport to characterize a written document, the Plan, which document speaks for itself.  Accordingly, no responsive pleading is required.  To the extent a response is required, American Airlines admits the Plaintiffs' definition of custodial care as quoted in paragraph 28 is an excerpt from the Plan glossary, and denies the allegations in paragraph 28 to the extent that they do not reflect all pertinent portions of the Plan documents in their entirety.  Any remaining allegations in paragraph 28 are also denied.

29.      American Airlines admits that on or about December 9, 2008, Plaintiffs appealed UHIC's denial of benefits. The remaining allegations in paragraph 29 are denied.

30.      American Airlines admits that on or about December 19, 2008 Brian Rose, M.D reviewed Plaintiffs' claim in conjunction with their appeal.  The remaining allegations in paragraph 30 are denied.

31.      American Airlines admits that Dr. Rose did not personally examine Plaintiffs' son, and that paragraph 31 contains an accurate quotation from an excerpt of Dr. Rose's

December 19, 2008 letter, attached to the Complaint as Exhibit C.  Any remaining allegations in paragraph 31 are denied.

32.     American Airlines admits that Dr. Arthur Schultes prepared a letter dated November 19, 2008 that is attached to the Complaint as Exhibit A, the contents of which letter speak for itself.  The remaining allegations in paragraph 32 are so vague and ambiguous as to preclude American Airlines from admission or denial.

33.     American Airlines admits that a health and welfare plan sponsored by American Airlines provided secondary insurance coverage to Plaintiffs from approximately 1997 through 2000, and that as a secondary insurer, the plan had covered certain skilled nursing care rendered to Plaintiff Richard Marsella Jr.  American Airlines denies all remaining allegations in paragraph 33.

34.     American Airlines admits that the allegations in paragraph 34 are consistent with a letter dated November 18, 2008 from Dr. Arthur Schultes, attached to the Complaint as Exhibit A.  American Airlines further admits that the aforementioned letter is contained in the administrative record, which letter speaks for itself.  American Airlines denies any remaining allegations in paragraph 34.

35.     After reasonable investigation, American Airlines is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and on that basis, these allegations are denied.

36.     American Airlines admits that its letter dated August 24, 2009, attached to the Complaint as Exhibit D, states in part that the services being provided to the patient "do not require clinical training in order to be performed safely and effectively."  Any remaining allegations in paragraph 36 are denied.

37.     American Airlines admits that the PBAC provided its final denial of the second level appeal and its reasoning for that denial on or about August 24, 2009, and that this final denial occurred approximately nine months after Plaintiffs' original submission of the claim. Any remaining allegations in paragraph 37 are denied.

38.     The allegations of paragraph 38 purport to characterize a written document, attached to the Complaint as Exhibit D, which document speaks for itself. Accordingly, no responsive pleading is required.  To the extent a response is required, the allegations are denied to the extent they are inconsistent with the written document or do not reflect that document in its entirety.

39.     The allegations of paragraph 39 purport to characterize a written document, attached to the Complaint as Exhibit D, which document speaks for itself. Accordingly, no responsive pleading is required.  To the extent a response is required, the allegations are denied to the extent they are inconsistent with the written document or do not reflect that document in its entirety.

40.     The allegations of paragraph 40 purport to characterize a written document, attached to the Complaint as Exhibit D, which document speaks for itself. Accordingly, no responsive pleading is required.  To the extent a response is required, the allegations in paragraph 40 are so vague and ambiguous as to preclude American Airlines from admission or denial.

## ERISA § 501(a)(1)(B) (COUNT I)

41.     The allegations in paragraph 41 are legal conclusions to which no response is necessary.  To the extent a response is necessary, the allegations in paragraph 41 are denied.

42.     Denied.

43.      Denied.

## BREACH OF FIDUCIARY DUTY, ERISA § 502(a)(3) (COUNT II)

44.      The allegations in paragraph 44 are legal conclusions to which no response is

necessary.

45.      The allegations in paragraph 45 are legal conclusions to which no response is

necessary.  To the extent a response is necessary, American Airlines denies that it violated any

alleged fiduciary duties.

46.      The allegations in paragraph 46 are legal conclusions to which no response is

necessary.

47.      Denied.

48.      Denied, including all subparts thereto.

49.      Denied.

WHEREFORE, Defendants American Airlines Inc., American Airlines' Pension Benefits

Administration Committee and American Airlines' Group Life & Health Benefits Plan for

Employees of Participating AMR Corporate Subsidiaries deny that they are liable to Plaintiffs in

any way, deny that Plaintiffs are entitled to relief sought in any of the wherefore clauses, and

deny all other allegations not specifically admitted.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' Amended Complaint fails, in whole or in part, to state a claim upon which

relief can be granted.

2.      Plaintiffs' Amended Complaint is barred in that it seeks benefits for services that are

excluded from coverage under the terms, definitions, exclusions, conditions, and/or limitations

contained in the Plan.

3.      Defendants' obligations, if any, to Plaintiffs are governed and limited by the terms,

definitions, exclusions, conditions, and/or limitations contained in the Plan documents.

4.      Defendants' denial of benefits was not arbitrary or capricious, and under the applicable

standard of review, must be upheld by the court.

5.      Plaintiffs' claims against the John Doe defendants are defective and should be dismissed

because Plaintiffs allege no actionable conduct or omission by any John Doe defendant in any

count.

6.      American Airlines reserves the right to add any and all additional defenses as they

become known through discovery or investigation.

WHEREFORE, Defendants American Airlines, Inc., American Airlines' Pension

Benefits Administration Committee and American Airlines' Group Life & Health Benefits Plan

for Employees of Participating AMR Corporate Subsidiaries respectfully request that the claims

alleged in the Amended Complaint be dismissed in their entirety with prejudice, and that they be

awarded costs of defense, including reasonable attorneys' fees.

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

/s/ Jeremy P. Blumenfeld
Jeremy P. Blumenfeld (NJ ID No. 8625)
1701 Market Street
Philadelphia, PA  19103
Dated: October 21, 2010             215.963.5258

Attorneys for American Airlines, Inc.,
American Airlines' Pension Benefits

Administration Committee and American
Airlines' Group Life & Health Benefits Plan
for Employees of Participating AMR
Corporate Subsidiaries

## <u>CERTIFICATE OF SERVICE</u>

I, Jeremy P. Blumenfeld, hereby certify that a true and correct copy of Defendant American Airlines' Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint, was served this 21st day of October, 2010 by ECF and U.S. Mail, postage prepaid on the following:

Matthew B. Weisberg
Weisberg Law, P.C.
7 South Morton Avenue
Morton, PA  19070

Samuel Arena
Marianne Johnston
Stradley, Ronon, Stevens & Young
Woodland Falls Corporate Park
200 Lake Drive East, Suite 100
Cherry Hill, NJ  08002-7098

/s/*Jeremy P. Blumenfeld*
Jeremy P. Blumenfeld